## In re HARSHBERGER.
### Patent Appeal No. 3207.

Court of Customs and Patent Appeals.
Dec. 23, 1933.

BLAND and HATFIELD, Associate Judges, dissenting.

Morsell & Morsell, of Milwaukee, Wis. (Jos. N. Nielsen, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Exam-

iner, rejecting, for want of invention in view of the references, appellant's application for a design for roofing.

The roofing consists of an assemblage of shingles, each of which has dovetailed recesses cut in one edge portion, forming tabs between them. When assembled, the lines along the recesses and tabs of adjacent shingles form distinctive figures which have inwardly bent ends.

The references relied upon are: Speer, 1,318,238, October 7, 1919; Commins, design, 36,546, September 8, 1903.

The Speer patent discloses a roof formed from shingle strips with oblique ends, which are cut obliquely from a roll or stock. In one figure shown, the exposed portions of the shingles, when assembled upon a roof, form hexagonal figures. In another figure they form rectangular figures.

The Commins patent is for a design for a floor or wall covering, and discloses a flat section of material with surface lines thereon extending in various directions, some of which have a dovetailed shape.

The Board of Appeals held that, in view of these patents, the design applied for by appellant was within the skill of a designer and did not require the exercise of the inventive faculty.

We can find nothing in the Speer or Commins disclosures, considered separately or combined, that suggests appellant's design. The appearance of appellant's design is distinctly different from anything shown or suggested in the references, and, when the shingles of appellant are assembled on a roof, the æsthetic effect produced is substantially different from that shown or suggested by the references.

It appears to us that, if appellant's design is not inventive, it would be difficult to conceive of any form of roofing for which a design patent could properly be granted.

In the case of In re Walter, 39 F.(2d) 724, 725, 17 C. C. P. A. 982, this court said:

"It should be remembered that the purpose of the law authorizing the grant of patents for designs was to give encouragement to the decorative arts, but it was not the purpose to grant a monopoly over a particular design, even if it presents a new and distinctive appearance, if its creation did not involve invention. The decorative arts would be retarded instead of advanced if one, without the exercise of the inventive faculty, upon seeing a new article come into common use, could draft designs covering all attractive forms of the article and secure patents for them, thus preventing the use of the article by the public, except in its most unattractive form, unless tribute be paid to him who had secured the patents.

"In designs, the reward of a monopoly for a given period must be confined to those who have invented new, original, and ornamental designs for articles of manufacture."

It is a matter of common knowledge that the roofing art is old. Appellant was apparently the first to conceive that roofing, as known in the prior art, could be modified in the new, original, and ornamental manner set forth in his application. We think this involved something more than the ordinary skill of one familiar with the art. We are clear that the references upon which the application was rejected do not disclose or suggest the design here involved, which is conceded to be ornamental, and therefore the decision of the Board of Appeals should be, and is, reversed.

Reversed.

BLAND and HATFIELD, Associate Judges, dissent.